# Commonwealth v. Dilworth, Porter & Co., Ltd., Appellant.

*Taxation—Limited partnership—Manufacturing companies— Property exclusively engaged in manufacturing—Act of June 2, 1893, P. L. 354.*

In the trial of an action of assumpsit to recover taxes alleged to be due by defendant limited partnership to the Commonwealth, upon balances shown on annual reports made to the auditor general as being capital not exclusively engaged in manufacturing, it appeared that the defendant was organized for the purpose of carrying on a manufacturing business; that the members of the limited partnership owned a controlling interest in a corporation engaged in a grocery business; that the balances in question had been deposited with the grocery company, and that the cash so deposited could be drawn out at any time by check. It was averred, and admitted on the record, that the working capital of the defendant, including such deposits, was no larger than was necessary and proper and regarded as prudent to keep on hand for the business of the defendant limited partnership. *Held,* that judgment should have been entered for the defendant.

Argued May 27, 1913. Appeals, Nos. 24, 25, 26 and 27, May T., 1913, by defendant, from judgment of C. P. Dauphin Co., Com. Docket, 1909, Nos. 39, 40, 41 and 42,

for plaintiff in cases of Commonwealth of Pennsylvania v. Dilworth, Porter & Company, Ltd. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCH- ZISKER, JJ. Reversed.

Assumpsit for taxes. Before MCCARRELL, J.

The case was tried by the court without a jury by agreement.

From the record it appeared that the defendant, Dilworth, Porter & Company, Limited, is a limited partnership association organized under the laws of the Commonwealth of Pennsylvania, and is engaged at Pittsburgh, Pa., in the business of manufacturing steel tie plates and spikes. Dilworth Brothers Company is a corporation organized under the laws of the Commonwealth of Pennsylvania, and is engaged in the wholesale grocery business. The members of Dilworth, Porter & Co., Ltd., own a controlling interest in the stock of this corporation. Defendant at various times since its organization had on hand cash balances, for use in its manufacturing business, and instead of depositing all of such balances in bank, it from time to time deposited portions thereof with Dilworth Brothers Co. These moneys have always been subject to check and the whole or any part of it could be withdrawn at any time without notice. Dilworth Brothers Company never issued any interest-bearing or time securities for such deposits. They were evidenced by due-bills or receipts.

The following facts as set forth in the affidavit of defense, were agreed to be taken as correct: "That said funds were a necessary part of the working capital of said defendant; necessary and proper as working capital with which to carry on its manufacturing operations, and if said money had not been deposited with said Dilworth Brothers the same would have been deposited in bank, subject to the same terms and conditions. That said defendant, because of the character of its business requires from time to time large working capital, the

same varying in different seasons and in different years, and that accordingly it is necessary to have on hand large sums of money, large portions of which at times are used, and at other times considerable balances are kept on hand. That the working capital in cash which was carried in the years 1903, 1904, 1905 and 1907, including deposits with Dilworth Brothers, were no larger than were necessary and proper and regarded as prudent to keep on hand for the purposes of the business of said defendant. That from time to time in the conduct of its business, said defendant not only used all its working capital on hand, but obtained loans in banks in addition thereto."

During the years 1903, 1904, 1905 and 1907, defendant continued to make deposits and withdrawals of funds in the hands of Dilworth Brothers Company, as above stated. In 1904, 1905 and 1907, on the dates annual loan reports were made by Dilworth Brothers Company to the Commonwealth, the amount of deposit was $100,-000. In 1903, the amount was $125,000. The auditor general in computing appellant's capital stock tax for the years 1903, 1904, 1905 and 1907, referred to the reports of Dilworth Brothers Company, and assessed the amount on deposit with Dilworth Brothers Company in the years 1904, 1905 and 1907, to wit: $100,000, against appellant, as representing capital stock not engaged exclusively in the manufacturing business. On appeal, it was agreed between the parties that the cases might be heard in the court below upon the statement and the facts as set forth in the affidavit of defense.

Judgment was directed by the court in favor of the Commonwealth in each of the cases for $649.69. Defendant appealed.

*Errors assigned* were various rulings on facts and law and the judgment of the court.

*A. Leo Weil,* of *Weil & Thorp,* with him *Malcolm Goldsmith,* for appellant.

*William M. Hargest,* Second Deputy Attorney General, with him, *John C. Bell,* Attorney General, for appellee.

OPINION BY MR. JUSTICE ELKIN, June 27, 1913:

By agreement of the parties this case was tried as if before the court on appeal from the settlement made by the accounting officers of the Commonwealth. There is no assignment of error raising the question of the regularity of the appeal, and since both parties desire the question involved to be determined upon its merits, we have concluded to treat the record as if there was no question about the regularity of the proceeding. Defendant company is a limited partnership engaged exclusively in the manufacture of steel tie plates and spikes. No question is raised as to the character of its business and the Commonwealth concedes that it is exempt from state taxation upon so much of its property and assets as "is invested in and actually and exclusively employed in carrying on manufacturing within the State." Indeed, no other position would be tenable because it is so written in the law. The Act of June 8, 1893, P. L. 354, which act was amendatory to former legislation on the subject, requires corporations, joint stock associations and limited partnerships to pay an annual tax at the rate of five mills upon each dollar of the actual value of their whole capital stock of all kinds, to the treasurer of the Commonwealth within thirty days from the date of settlement, but this act following the policy adopted by the legislature for several years prior to its enactment, exempted manufacturing companies from the payment of state taxes. It is true that the exemption only applies to capital and assets exclusively employed in the manufacturing business, but it is necessary to establish the facts to show that the portion of the capital upon which the right to levy a tax is asserted, is not exclusively employed in manufacture. When a corporation is created, or a part-

nership is formed, for the express purpose of engaging in the manufacturing business, it has the prima facie right to claim the exemption, and if any part of the capital is not entitled to that exemption, such facts must be established as to warrant a finding by the court that it was not actually and exclusively employed in manufacturing. In the present case the evidence consisted of the annual reports made to the auditor general for the years in question, the affidavit of the appellant and one witness who was the chief clerk of the auditor general's office. This witness did not undertake to testify concerning any facts relating to the business of appellant. He identified reports filed in his department and referred to settlements made by the proper officers of the Commonwealth. He did not testify to any facts relating to the deposit of $100,000.00 with the Dilworth Brothers, nor did he say anything from which it could be inferred that this money was not necessary in the conduct of the business of appellant. The case, therefore, stands with the annual reports filed in the auditor general's office and the affidavit of appellant as the only evidence relating to that portion of the capital upon which the Commonwealth asserts the right to levy and collect a tax. The reports show that a certain amount of cash and current assets were on hand at the time they were made, but nothing contained therein can properly be taken to mean that this capital was not exclusively employed in the manufacturing business. The presumption is that the cash and current assets on hand were deemed necessary in conducting the business, and we have not been able to discover any evidence from which a different inference might be fairly drawn. On the other hand, it is averred in the affidavit filed by appellant, which by agreement was to be accepted as evidence in the case, that the $100,000.00 in question was exclusively employed in the manufacturing business, and was deposited subject to check or call on like terms and condi-

tions as if deposited in a bank. Taking the facts averred in the affidavit as true, and this we must do because it was so agreed by the parties, there is but one conclusion to be drawn, which is that the capital attempted to be taxed was actually and exclusively employed in the manufacturing business.

Judgment reversed in each of the cases and is here entered for appellant.