## Mutual Insurance Companies Tax Settlement.

*Taxation—Mutual insurance companies—Gross premiums—Exemption for portion of year 1925—Act of May 6, 1925.*

A domestic insurance company doing a life insurance business upon the mutual plan without any capital stock is relieved by the Act of May 6, 1925, P. L. 526, from the payment of a tax on its gross premiums and assessments from Jan. 1, 1925, to May 6, 1925.

Department of Justice.   Opinion to Hon. Edward Martin, Auditor General.

MOYER, Dep. Att'y-Gen., Feb. 25, 1926.—You have advised this department that an appeal has been filed with you from the settlement of an account for tax on gross premiums against the Provident Mutual Life Insurance Company of Philadelphia for the four and one-fifth months ending May 6, 1925.

The Provident Mutual Life Insurance Company of Philadelphia is a corporation of the State of Pennsylvania doing a life insurance business upon the mutual plan, without any capital stock, but having an accumulated reserve. Prior to Jan. 1, 1925, this company filed its report in your office semi-annually, setting forth the entire amount of premiums received by it during the preceding six months' period, and paid to the Commonwealth of Pennsylvania a tax of eight mills on the dollar upon the gross amount of said premiums, in accordance with the provisions of section 24 of the Act of June 1, 1889, P. L. 420, as amended by the Act of June 28, 1895, P. L. 408. The report now in question was filed, under protest, after the passage of the Act of May 6, 1925, P. L. 526, in compliance with a demand from you under date of Aug. 4, 1925. The company claimed in said report and in its petition for resettlement, as well as in its appeal, that it is not liable for any tax on gross premiums for the period from Jan. 1, 1925, to May 6, 1925, on the ground that it is relieved therefrom by said Act of May 6, 1925. The question in this appeal, therefore, is, is the Provident Mutual Life Insurance Company of Philadelphia relieved from the payment of a tax on its gross premiums and assessments from Jan. 1, 1925, to May 6, 1925, by the provisions of said Act of May 6, 1925?

Said Act of May 6, 1925, which amends section 24 of the Act of June 1, 1889, P. L. 420, as amended by the Act of June 28, 1895, P. L. 408, provides in part as follows:

"It shall be the duty of the president, secretary or other proper officer of each and every insurance company, association or exchange, incorporated by or under any law of this Commonwealth, except companies doing business upon the mutual plan without any capital stock, and purely mutual beneficial associations whose funds for the benefit of members, their families or heirs, are made up entirely of the weekly or monthly contributions of their members and the accumulated interest thereon, to make report in writing to the Auditor General, on or before the first day of March, in the year one thousand nine hundred and twenty-six, in each year thereafter, setting forth the entire amount of premiums, premium deposits or assessments received by such company, association or exchange during the year ending with the thirty-first day of December preceding, whether the said premiums, premium deposits or assessments were received in money or in the form of notes, credits or any other substitutes for money, and whether the same were collected in this Commonwealth or elsewhere; and every such company, association or exchange shall pay into the State Treasury on or before the thirty-first day of March following the date for filing such report, in addition to any other taxes to which it may be liable under the first and twenty-first sections of this

act, a tax of eight mills on the dollar upon the gross amount of said premiums, premium deposits and assessments received from business transacted within this Commonwealth. . . ."

The repealing section of said Act of May 6, 1925, is as follows:

"Section 2. All acts or parts of acts inconsistent herewith be and the same are hereby repealed."

This Act of May 6, 1925, made several changes in the law from what it was prior to its passage under said Act of June 28, 1895, P. L. 408. Among other things, it provided that the act should not apply to domestic insurance companies, associations or exchanges "doing business upon the mutual plan without any capital stock," whereas the same provision in question, prior to the amendment, read: "doing business upon the *purely* mutual plan without any capital stock or *accumulated reserve.*"

It also made a change in the time for making reports, so that, instead of requiring reports to the Auditor General semi-annually upon the first days of July and January of each year, setting forth the entire amount of premiums and assessments received from such company or association during the preceding six months, there is but one report now required to the Auditor General, to wit, "on or before the first day of March, in the year one thousand nine hundred and twenty-six, in each year thereafter, setting forth the entire amount of premiums, premium deposits or assessments received from such company, association or exchange during the year ending with the thirty-first day of December preceding." The time for making the payment of the tax is also changed. It made other changes allowing certain deductions from premiums and assessments which have no immediate bearing on the question at issue.

The company in question is a life insurance company upon the mutual plan without any capital stock. The reason that said company paid the gross premiums tax in previous years was because of the fact that it had an "accumulated reserve." Inasmuch as that part of said Act of June 28, 1895, which refers to "accumulated reserve" has been omitted by amendment, as previously referred to, this company accordingly comes within the exception provided in said Act of May 6, 1925; but the question at issue arises, whether the company is relieved from the payment of the gross premiums tax from Jan. 1, 1925, to May 6, 1925, the date of the approval of said act.

The repealing section, as previously quoted, is without a saving clause. Justice Elkin, writing the opinion of the court in the case of Com. *v.* Mortgage Trust Company of Pennsylvania, 227 Pa. 163, 182, said: "No doubt the general rule is that when a statute is repealed without a saving clause, it is to be considered as though it had never existed except as to transactions past and closed. The rule, however, like any other legal principle of general application, must be understood and applied, if at all, so as to give effect to the legislative intention. It is not so much what the general rule of construction is as what did the legislature intend by repealing all acts or parts of acts inconsistent with the new law. . . ."

Statutes purporting to grant exemptions from taxation are to be construed most strictly against the taxpayer: Com. *v.* Westinghouse Air-Brake Co., 151 Pa. 276; Com. *v.* Dillworth, Porter & Co., Ltd., 242 Pa. 194; Com. *v.* Lackawanna I. & C. Co., 129 Pa. 346.

For these reasons it is very important that we determine the legislative intention in this act as to the question at issue. Did the legislature intend that companies such as the Provident Mutual Life Insurance Company of Philadelphia, who paid a gross premium tax under the law as it stood prior

to said Act of May 6, 1925, but who were relieved by this act from paying such tax, should be relieved from paying such tax for the period from Jan. 1, 1925, to the date of the approval of the act, to wit, May 6, 1925? In the latter part of section 1 of said Act of May 6, 1925, we find that the legislature has inserted the following provision as a further amendment of said section 24 of the Act of June 1, 1889, P. L. 420, as amended by the Act of June 28, 1895, P. L. 408: "Insurance companies, associations or exchanges incorporated by or under any law of this Commonwealth shall, in making payment of tax hereunder on or before the thirty-first day of March, one thousand nine hundred and twenty-six, upon premiums, premium deposits and assessments received in the year ending on the thirty-first day of December preceding, be entitled to credit for the amount theretofore paid by them into the State Treasury or settled against them by the fiscal officers of the Commonwealth as tax on premiums and assessments received by them during any part of said year."

This provision allowing certain credits obviously applies to the tax on those premiums and assessments upon which a deduction has been expressly allowed or an exemption created by this act. To say that it can only apply to those deductions expressly referred to and not to the exemption created by this act in the case of insurance companies and associations doing business upon the mutual plan without any capital stock, which companies and associations were previously taxable because they had an "accumulated reserve" but were no longer so taxable under the provisions of this act, is to give to it a restricted meaning which the words themselves do not purport. Why did the legislature provide that these insurance companies and associations should be entitled to certain credits on such tax paid by them or settled against them by the fiscal officers *during any part of the year ending Dec. 31, 1925?* The domestic insurance companies and associations who were required under the law as it stood prior to this Act of May 6, 1925, to make a report to the Auditor General were required to do so semi-annually upon the first days of July and January of each year. Certainly it was not known just when the act in question would be approved. The next report of these insurance companies and associations to the Auditor General was due July 1, 1925. The proposed act, now the Act of May 6, 1925, here in question, changed the time of making these reports from semi-annually to annually on or before the 1st day of March, 1926, in each year thereafter. To save any confusion which might arise and to grant to these companies and associations the benefit of the deductions and exemption referred to during the year 1925, the legislature expressly provided that such companies should "be entitled to credit for the amount theretofore paid by them into the State Treasury or settled against them by the fiscal officers of the Commonwealth as tax on premiums and assessments received by them *during any part of said year,*" the year ending Dec. 31, 1925. Accordingly, it appearing from the plain intent and meaning of this provision as to credits that domestic insurance companies, associations and exchanges are to be entitled to credit, in the matter of the deductions and exemption referred to in said act, for the amount theretofore paid by them into the State Treasury or settled against them by the fiscal officers for any part of the year 1925, and it further appearing that said Act of May 6, 1925, repeals the prior act of assembly on gross premiums tax without a saving clause, and that said Provident Mutual Life Insurance Company of Philadelphia comes within the exception provided in this act because of being a domestic insurance company doing a life insurance business upon the mutual plan without any capital stock, it follows

Mutual Insurance Companies Tax Settlement.

that this company was relieved from the payment of tax on its gross premiums and assessments from Jan. 1, 1925, to May 6, 1925, the date of the approval of said Act of May 6, 1925, P. L. 526.

I am, therefore, of the opinion, and so advise you, that the settlement for the gross premiums' tax in question for the period from Jan. 1, 1925, to May 6, 1925, was erroneously made, and that it should be resettled and stricken off.

From C. P. Addams, Harrisburg, Pa.