## Commonwealth, Appellant, *v.* Curtis Publishing Company.

Argued May 26, 1937. Before KEPHART, C. J., MAXEY, DREW, LINN, STERN and BARNES, JJ.

540

*Manuel Kraus,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for appellant.

*Geo. Ross Hull,* of *Snyder, Hull, Hull and Leiby,* for appellee.

PER CURIAM, June 25, 1937:

The only question involved in this appeal is whether certain of appellee's assets on which the capital stock tax was levied were exempt under the provisions of the Act of June 8, 1893, P. L. 353, Section 1, as amended, because actively employed in manufacturing during the tax year of 1932. Appellant contended that the reserves taxed had been withdrawn from manufacturing and constituted an investment surplus. After hearing before the court below en banc, judgment was entered for appellee.

The burden of proof was upon appellant to show that the assets taxed were not necessary to the conduct of appellee's manufacturing business during the taxable year. The presumption is that all capital stock of a manufacturing corporation is employed in the conduct of that business: *Commonwealth v. Filbert Paving & Const. Co.,* 229 Pa. 231, 236; *Commonwealth v. Dilworth, Porter & Co., Ltd.,* 242 Pa. 194, 197. The court below found that the reserves taxed were reasonably necessary for manufacturing purposes during 1932 in that they were required for the proper conduct of that business. Appellant offered no testimony to rebut appellee's evidence as to the existence of an actual necessity for these assets during that period. The opinion of the court below contains a careful analysis of the questions of fact and law involved. There is nothing in the record which would require this court to set aside its findings and conclusions.

Judgment affirmed.