## Pittsburgh Annual Conference of the Methodist Protestant Church, Appellant, *v.* Cyphert et al.

*Church law—Real estate—Inactive or extinct church—Act of June 5, 1913, P. L. 435—Ejectment—Statutory remedy—Act of March 21, 1806, 4 Sm. L. 326, 332.*

1. Where the laws of a general church denomination provide that "when a congregation becomes extinct, the property shall vest in the annual conference," the annual conference cannot proceed to maintain an action of ejectment to recover the land. The question as to whether the individual church involved has become "inactive or extinct" must, under the Act of March 21, 1806, 4 Sm. L. 326, 332, be first adjudicated by an appropriate proceeding under the Act of June 5, 1913, P. L. 435.

2. The question whether any further remedy will have to be pursued (if trustees are appointed under the Act of 1913) to get possession of the property, must await the result of the statutory proceeding.

Argued September 28, 1920. Appeal, No. 161, Oct. T., 1920, by plaintiff, from order of C. P. Clarion Co., Aug. T., 1917, No. 23, refusing to take off nonsuit in case of Pittsburgh Annual Conference of the Methodist Protestant Church, an unincorporated religious society, by F. W. Perkins, President, and E. J. Headley, Secretary, v. C. E. Cyphert et al. Before Brown, C. J., Stewart, Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Ejectment. Before Sloan, P. J.

The opinion of the Supreme Court states the case.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was order refusing to take off nonsuit, quoting record,

*John P. Patterson,* of *Crumrine & Patterson,* with him *George F. Whitmer,* for appellants.—The case at bar is clearly distinguished from Tkatch v. Knights and Ladies of Security, 264 Pa. 578.

The right of trial by jury is secured to the parties in an action of ejectment, and not under the Act of 1913, or the Act of 1836, and that right determines the remedy of the parties in cases of disputed possession of lands to be an action of ejectment: Fernstler v. Seibert, 114 Pa. 196; First Methodist Protestant Church of Scranton, 16 W. N. C. 245.

*F. J. Maffett,* with him *H. M. Rimer, A. A. Geary, H. E. Rugh* and *Don C. Corbett,* for appellee.—The Act of 1913 is the exclusive remedy where it is alleged a church has become inactive or extinct: Moyer v. Kirby, 14 S. & R. 162; Huntingdon, etc., Turnpike Co. v. Brown, 2 P. & W. 462; Ahl v. Rhoads, 84 Pa. 319.

OPINION BY MR. JUSTICE MOSCHZISKER, December 31, 1920:

This is an action of ejectment, brought by the Pittsburgh Annual Conference of the Methodist Protestant Church, for the recovery of a piece of land in Limestone Township, Clarion County, Pennsylvania, in the possession of the defendants, who allege they represent the congregation of the Mt. Calvary Methodist Protestant Church, which, they say, is the real owner of the property sought to be recovered.

The trial court entered a nonsuit, and this appeal is from the refusal to remove it.

Plaintiff claims that the individual church just named has "terminated, by the said congregation becoming extinct and ceasing to use [the real estate in controversy] as a place of worship"; and that the laws of the general church provide, "when a congregation becomes extinct, the property shall vest in the Annual Conference—in

this case, the Pittsburgh Annual Conference, the plaintiff."

We agree with the court below that the Act of June 5, 1913, P. L. 435, furnishes the remedy which must be followed by plaintiff.

The act provides, by section 1, "That when any individual church shall become inactive or extinct, by reason of there being no resident or active trustees representing it, or otherwise, the court of common pleas of the county wherein said church is located may appoint as trustees of said church the trustees of the state body or organization representative of the denomination of which said church was a member, to hold and dispose of the title to the property of said church"; and, by section 2, that "Upon the presentation of a petition to the court of common pleas of any county, or one of the judges thereof in vacation, by any person, a member of said church, or a member of the said body or organization representative of the denomination in the state, of which said church was a member, setting forth that any individual church in said county has become inactive or extinct, by reason of no active or resident trustees representing it, or otherwise, and that its property is liable to be wasted or destroyed, the said court, or a judge thereof during vacation, shall grant a rule to show cause why the prayer of the petition shall not be granted, and ......upon full hearing of the matter, shall make such order in the case as shall be most likely to preserve the property of said church, in the interests of the denomination within the state."

The question, as to whether the individual church here involved has become "inactive or extinct," must be first adjudicated by an appropriate proceeding under the Act of 1913, before any other remedy may be pursued: See section 13, Act of March 21, 1806, 4 Sm. L. 326, 332 (1 P. & L. Dig. 107-8); Lewisburg Bridge Company v. Union and Northumberland Counties, 232 Pa. 255; Whitney v. Jersey Shore Boro., 266 Pa. 537, 545, 546.

Whether or not any further remedy will have to be pursued (if trustees are appointed under the Act of 1913) to get possession of the property in litigation, and the several other questions sought to be raised on this appeal, must all await the result of the statutory proceeding. What we now decide is that the court below did not err in holding the Act of 1913 applicable to the facts alleged at bar; it must be followed by appellant.

The assignments of error are overruled and the judgment is affirmed.