# Mt. Calvary Methodist Protestant Church Trustees.

*Church law—Inactive or extinct church—Appointment of trustee—Findings of fact—Appeal—Acts of June 5, 1913, P. L. 435; April 18, 1919, P. L. 72, May 17, 1921, P. L. 861—Cemeteries— Burial grounds—Sale.*

1. In a proceeding under the Act of June 5, 1913, P. L. 435, to appoint a trustee for a church alleged to have become inactive or extinct, a finding by a court below on sufficient evidence that the church has not become inactive, or extinct, but is under control of active trustees, although it has no church building, is, under the Act of April 18, 1919, P. L. 72, entitled to the same weight as the verdict of a jury and such finding will not be reversed on appeal.

2. Such church property when used as a cemetery, cannot be sold, unless the sale is authorized by statute; the Act of June 5, 1913, P. L. 435, and amendment of May 17, 1921, P. L. 861, make no provision for sale.

Argued October 21, 1921.   Appeal, No. 192, Oct. T., 1921, by C. S. Sanders et al., petitioners, from decree of C. P. Clarion Co., May T., 1921, No. 79, dismissing petition for appointment of trustees, in the matter of Mt. Calvary Methodist Protestant Church.   Before MOSCH-ZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Petition for appointment of trustees of a church under Act of June 5, 1913, P. L. 435.   Before SLOAN, J.

The opinion of the Supreme Court states the facts.

Petition dismissed.   C. S. Sanders et al., petitioners, appealed.

*Error assigned,* among others, was decree, quoting it.

*John P. Patterson,* with him *Geo. F. Whitmer,* for appellant.—Mt. Calvary Methodist Protestant Church, under the evidence in this case, has (a) no active or resident trustees representing it, and (b) is both inactive and extinct in fact: Jones v. Renshaw, 130 Pa. 327; St. John's Church v. Hanns, 31 Pa. 9; Fidelity Ins. Co.'s App., 99 Pa. 443.

*H. M. Rimer* and *Don C. Corbett,* with them *A. A. Geary, H. E. Rugh* and *F. J. Maffett,* for appellees, cited, as to cemeteries: Brown v. Lutheran Church, 23 Pa. 495; Brendele v. Congregation, 33 Pa. 415.

OPINION BY MR. JUSTICE WALLING, January 3, 1922:

In 1856 Jacob Eshleman and wife gave a deed to Martin Bradley and Solomon Cyphert, Jr., trustees of the Methodist Protestant Church, for a described plat of one hundred and fifty-six perches of land in Limestone Township, Clarion County, in trust for the church. About that time a log church building was erected thereon, which was later replaced by a frame building and each in its turn used as a house of worship by a local un-

incorporated religious society of that denomination, known as Mt. Calvary Methodist Protestant Church, until the frame building was destroyed by fire in August, 1907. The society was attached to the Pittsburgh Annual Conference, but has had no church building since the fire; however, for two years thereafter services were held occasionally in a private residence. These were discontinued for lack of a pastor, which the conference declined to supply at or after the annual meeting in 1908; however, the society continued from time to time to hold Sunday school in a private dwelling or schoolhouse. By the law of the church, the trustees hold office for one year and until their successors are elected. The three trustees of this society were regularly chosen at its annual meeting shortly before the fire, one of whom is still a trustee. Meetings of the congregation were held thereafter, but not yearly, at which trustees were elected, and at such a meeting held in 1914, after public notice, the respondents were chosen as trustees; and, having been reëlected, are now serving as such. That year (1914) respondent gave a lease of the lot for oil and gas purposes, resulting in a well being drilled thereon which produces gas in paying quantities. From this they are entitled to receive, and until the question of title arose did receive, $225 a year. The church society now has about twenty-four members and the question of rebuilding the church has been discussed but never brought to a successful issue.

This lot has also been used continuously as a cemetery since 1852, and the remains of from sixty to one hundred persons are there interrred, the graves being scattered over the lot, except where the church building stood. There is no other cemetery within three or four miles and some, not affiliated with this congregation, have buried their dead there by permission of the church trustees, who have ever been and are in charge of the cemetery.

Since the fire, the annual conference has discouraged any effort to renew this church; partly because of its lack of numerical and financial strength and partly because of the establishment of a Methodist Episcopal Church at Kingsville, two miles away, which some members of Mt. Calvary Church have joined. The latter has not sent a delegate nor made a contribution to the annual conference since 1908. The conference, however, took the position that Mt. Calvary Church had become inactive and extinct and that its property belonged to the general church of which the Board of Church Extension was the proper custodian. The resident trustees (respondents) declined to recognize such contention and the annual conference in 1917 brought an ejectment suit for the lot, but was defeated on the ground that its remedy was to proceed for the appointment of trustees as provided in the Act of June 5, 1913, P. L. 435: Pittsburgh A. C. of M. P. Church v. Cyphert, 268 Pa. 322. This petition on behalf of the annual conference was thereupon filed in the court below, to which a responsive answer was made and testimony taken on each side. The trial court found all the controlling facts in favor of respondents and dismissed the petition; hence, this appeal by petitioners.

We find nothing in the record that calls for a reversal. Section 1 of the Act of 1913, supra, provides: "That when any individual church shall become inactive or extinct, by reason of there being no resident or active trustees representing it, or otherwise, the court of common pleas of the county wherein said church is located may appoint as trustees of said church the trustees of the state body or organization representative of the denomination of which said church was a member, to hold and dispose of the title to the property of said church"; and section 2 provides, inter alia, that, "upon full hearing of the matter [the court] shall make such order in the case as shall be most likely to preserve the property of said church, in the interests of the denomi-

nation within the State." The trial court found Mt. Calvary Church was neither inactive nor extinct, but under the management and control of active resident trustees who were properly conserving the church property; also that the royalty from the gas well was needed for the care of the lot and erection of necessary buildings thereon. Inasmuch as there is evidence to support these findings, we cannot reverse because upon all the evidence the facts might have been found otherwise. In this, as in an equity case, the findings of facts by the court below are entitled to the same weight as the verdict of a jury. The Act of April 18, 1919, P. L. 72, which makes the evidence a part of the record in the appellate court, in effect so provides. Thereunder we are not required to overrule findings which have evidence to sustain them: Hand's Case, 266 Pa. 277, 281.

The members constitute the individual church, which does not cease to be, merely by loss of the meetinghouse, and the provision in the church constitution, that a church shall be regarded as extinct when there are not sufficient members to fill the offices, has no application here because there are more than sufficient members for that purpose.

The findings, to which we have referred, justified the dismissal of the petition; moreover, the dedication and use of the lot as a cemetery was conclusively established, and neither the original Act of 1913, nor the amendment of May 17, 1921, P. L. 861, makes provision for the appointment of trustees to hold and dispose of the title to cemetery property; hence, the court has thereunder no such right, whatever its power may be to appoint trustees for other church property. Except as provided by statute, land dedicated for and used as a burying ground cannot be sold: Brown v. Lutheran Church, 23 Pa. 495; Gumbert's App., 110 Pa. 496; Chew v. First Presbyterian Church, 237 Fed. 219.

The assignments of error are overruled and the order is affirmed at the cost of appellants.