## In re: Road in Paint Township.

*Roads—Road views—Roads partially laid out—Roads viewed but not constructed.*

A petition for a road view to vacate a road partially laid out will be dismissed, where the evidence establishes that the road was never constructed.

In such case the proper method to vacate the proposed road is by a petition signed by a majority of the persons who asked for its construction under the provisions of the Act of June 13, 1836, P. L. 558.

The cutting down of some trees within the limits of the survey is not of itself the opening of a road. It is work directed to that condition only. Unless the highway is fit for the requirements of public use as a road, it cannot be said to be opened in a legal sense, nor is it sufficient that the road could be used by one expert in the driving of a team. It must be a fairly practicable highway for the general public.

*Roads—Road views—Evidence.*

In an appeal from the action of the Court of Quarter Sessions vacating a highway in response to a report from the board of viewers, the appellate court must examine the evidence for the purpose of ascertaining whether it supports the conclusions of the court below. If there is evidence to support the findings, the appellate court is not authorized to reverse because the facts might have been found to the contrary under all of the evidence. The findings of fact are entitled to the same weight as the verdict of a jury.

Argued April 12, 1926. Appeal No. 112, April T., 1926, from decree of Q. S. Clarion County, May Sessions, 1924, No. 2, In re Petition of Residents of Paint and Highland Townships for the vacation of a road in said townships. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Appeal from confirmation of report of re-reviewers. Before HARVEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions and confirmed the report. Exceptants appealed.

*Error assigned* was the decree of the court.

*J. T. Reinsel,* for appellants.

*George F. Whitmer,* and with him *J. M. Myers,* for appellee.

OPINION BY HENDERSON, J., July 8, 1926:

The appellants seek a review of the action of the Court of Quarter Sessions vacating a public highway. The petition sets forth that the road in question was laid out and confirmed in a prior proceeding in that court, and was opened in part, but had become useless, inconvenient and burdensome. Viewers appointed reported in favor of vacating the road. A review was had in which the viewers reported against vacation. This was followed by a re-review, the viewers on which recommended that the road be vacated. The report of re-reviewers was confirmed and it was from that order the appeal was taken. The proceeding was apparently under the Act of May 3, 1855, P. L. 422, which provides for the vacation of a road established and opened in part. Testimony was offered to prove that the road was opened for some distance at one end, and on behalf of the appellants to show that no part of it had been opened. The controversy was therefore one of fact which was disposed of by the court. The whole question was raised as shown by the assignment of error on the exceptions filed by one of the petitioners against the vacation in which exceptions the court was asked to set aside the report of the reviewers for the

reason that the road had never been opened to travel in whole or in part, and that therefore neither under the Act of June 13, 1836, P. L. 558, nor under the Act of 1855, was there any authority for the proceeding. The appeal is in effect a certiorari and is governed by the Act of April 18, 1919, P. L. 72, which provides that in any proceedings heretofore or hereafter had in any court of record of this commonwealth, where the testimony has been or shall be taken by witnesses, depositions or otherwise, and where an appeal has been or shall hereafter be taken........such testimony shall be filed in said proceedings......and the same shall be reviewed by the appellate court as a part of the record with like effect as upon an appeal from judgment entered upon the verdict of a jury in an action at law, and the appeal so taken shall not have the effect only of a certiorari to review the regularity of the proceedings in the court below. In such a proceeding we are required by this legislation to examine the evidence for the purpose of ascertaining whether it supports the conclusions of the court below. If there is evidence to support the findings, we are not authorized to reverse because the facts might have been found to the contrary under all of the evidence. The findings of fact are entitled to the same weight as the verdict of a jury: Hand's Case, 266 Pa. 277; Mt. Calvary Methodist P. E. Church Trustees, 272 Pa. 453. If on the other hand there is no competent evidence to support the order or decree, it is the duty of the appellate court to reverse. It appears from the evidence presented that the road in question is about a mile long and located for a considerable part of the distance over rough ground, through brush and timber. Several witnesses were called who testified that the road had never been put in condition to be used as a highway; that trees and brush were growing within the lines of the road; that part of it was located over stony ground from which the stones had not been taken, and that no

work ever had been done on it with the exception that a few days before the first view two or three men cut some brush and piled it where it was cut. This work extended for a distance of 150 or 200 feet along the middle line of the road; the width of the cutting being about 20 feet. There was no grading, no removal of stumps, and no attempt at construction of the road in any respect except the cutting of the brush. A single witness was called in support of the proceeding who testified that he took three or four men and that they cut the underbrush in from the Highland road and made a way out for a distance of about 150 or 200 feet, "all but a few of the biggest trees." A day or part of two days was spent in doing this work. It is not alleged that this was done by the supervisors, nor is there any evidence that the supervisors ever exercised any control over the road. It is a fair conclusion from the evidence that the road never had been opened and that no attempt had been made to open it except as described by the witness last referred to. If that was a partial opening of the road then the petition was within the authority of the Act of 1855, and the court had jurisdiction of the proceeding. It seems clear to us however that the work referred to was in no sense such an opening of a part of the road as was in contemplation in the adoption of the Act of 1855. The Act of 1836 provided in the 18th section for the vacation of roads which had been opened and used and found to be useless, inconvenient or burdensome. The 19th section provided that roads laid out and confirmed, but not opened, might be vacated on the petition of a majority of the original petitioners of the road, resident within the respective county, in the same manner as other roads might be vacated. These sections as will be observed apply to a road actually opened and used and to a road laid out, but never opened. In the latter case a majority of the signers of the petition resident within the county might take

steps to revoke the proceeding before the expense of construction had been incurred, but there was no provision in the statute applicable to the case of a road opened in part. This omission was supplied by the Act of 1855 which applies to roads "laid out by authority of law and opened in part." The 6th section of the Act of 1836 directs that public roads approved and entered on record shall be "effectually opened and constantly kept in repair" as soon as may be practicable, and shall at all seasons be kept clear of all impediments to easy and convenient passing and traveling. This imposes on the responsible officials the duty of so constructing a roadway of reasonable width, and of maintaining the same in a condition fit for public travel. It may be taken for granted that the use of the words "opened in part" in the Act of 1855 was made with the law regulating the opening and maintaining of public highways in view. The cutting down of some trees within the limits of the survey is not of itself the opening of a road. It is work directed to that condition only. Unless it is fit for the requirements of public use as a road, it cannot be said to be opened in a legal sense, nor is it sufficient that the road could be used by one expert in the driving of a team. It must be a fairly practicable highway for the general public. No witness asserted that a vehicle ever had been driven over the portion of the road on which brush had been cut, or that any other part of it had been in any sense opened for public use. Giving a very liberal construction to the use of the language, the removal of some of the obstacles along the way is not an opening in part as required by statute. The case is lacking in evidence that the work done on a part of this road created an opened road which the Act of 1855 calls for to give the court of Quarter Sessions jurisdiction to vacate a public road opened in part. The evidence shows moreover that the cutting of brush and of any trees which may have been cut took place a few

days before the viewers were on the ground to view the location on the original petition, from which it would appear that at the time the petition was prepared and signed and presented to the court nothing had been done with respect to construction. Our conclusion is therefore that the road was not in part opened within the meaning of the statute, as a result of which the court of Quarter Sessions did not acquire jurisdiction to enter the order of vacation. The petition was probably drawn under a misapprehension of the facts or of the law. It may not have been the intention to proceed for the vacation under the Act of 1855. The learned counsel for the appellee so states in his argument. But if that statute is not applicable, the situation is not improved, for it must appear either from the petition or from the evidence in the case that a majority of the original petitioners are signers of the petition to vacate where there has been no opening; and it does not appear in the case whether a majority of the original petitioners are signers or not. We express no opinion on the question of the propriety of the proceeding. It may be in the interest of the public that the road be vacated. That would be a question for the court of Quarter Sessions in a proceeding where the subject would be regularly presented, but as the case now stands the order of the court cannot be affirmed.

The assignment is sustained, the order of the court of Quarter Sessions is reversed, and the proceeding dismissed.