## Jessop's Petition.

*Burial-ground — Church property — Trustees — Parties—Act of May 17, 1921.*

1. The descendants of persons whose bodies are interred in a burial-ground connected with a church have a right to be heard in a proceeding which may lead to the sale of the burial-ground and the removal of the bodies therefrom.

2. The Act of May 17, 1921, P. L. 861, providing for the appointment of a trustee to hold and dispose of church property, where the church board has become inactive or extinct, does not apply to the real estate of a religious organization, a small part of which is covered by a church and the remainder of which is used as a church burial-ground.

Petition for appointment of trustee in accordance with Act of May 17, 1921, P. L. 861. C. P. York Co.

*Stewart & Gerber*, for petition.

*Jacob E. Weaver, Donald H. Yost* and *Henry C. Niles*, contra.

McPHERSON, P. J., 51st judicial district, specially presiding, June 12, 1926.— The petition presented in this proceeding prays the Court of Common Pleas of York County to appoint, under the authority of the Act of Assembly approved May 17, 1921, P. L. 861, a trustee for the property commonly known as the "Quaker Meeting House Property," located on West Philadelphia Street, in the City of York.

The basis for the petition is the allegation that the church in question has become inactive by reason of there being no resident or active trustee representing it and that its property is liable to be wasted or destroyed. The petition further asks that the Baltimore Yearly Meeting of Friends, of Park Avenue, be appointed as such trustee, on the ground that it is the superior judicatory of the church in question and with which it has been connected.

An answer has been filed by various parties claiming to be members of the church in question and also by the descendants of a large number of persons whose bodies have been buried in the property in question. In this they deny

the allegations in the petition and ask the court to dismiss the same and refuse the prayer thereof.

The property in question is composed of three lots of ground. Upon these lots of ground was constructed a small brick church, and in them was buried a large number of persons who in the past had been members of the church or whose families had been associated therewith; practically all the property outside of the limits of the building itself and the approach thereto from the street is occupied as a graveyard. This property was conveyed to the church or congregation which occupied it for many years by three individual grants, as follows: (1) By a deed dated Oct. 29, 1765, Nathan Hussey, of Yorktown, in the County of York, a province of Pennsylvania, shop-keeper, and Edith, his wife, conveyed to William Willis, Joseph Garretson and Norman Updegraph, and their successors in trust, for the society aforesaid, members and trustees for the society of the people called "Quakers," of Yorktown, a lot of ground fronting 70 feet on the north side of Philadelphia Street, with a depth of 115 feet to the ground of Joseph Currens, and bounded on the east by a ten feet alley, and on the west by other grounds of Nathan Hussey. Under this conveyance the lot so granted was to be held by the said grantees "in trust to and for the only proper use and behoof of the society and congregation forever, and to no other intent or purpose whatsoever." This deed was acknowledged and recorded in the office of the Recorder of Deeds for the County of York, in Record Book 2 G., page 153. (2) By his last will and testament, dated Jan. 25, 1773, and probated in the office of the Register of Wills in and for York County on July 17, 1775, Nathan Hussey gave and devised unto "the society of the people called 'Quakers' all that western part of the lot of ground situate on the north side of Philadelphia Street, in the town of York, adjoining the Friends' burying-ground on the east and the widow Shultz's lot on the west; to hold said part of the lot of ground (to and for the purpose of enlarging the aforesaid burying-ground) for the use aforesaid, unto that society forever." (3) By deed dated March 31, 1809, Hannah Matthews, executrix of the last will and testament of Priscilla Phillips, late of the Borough of York, in the County of York and State of Pennsylvania, mantuamaker, deceased, conveyed unto Thomas Taylor, Jonathan Jessup, William McMunn and Samuel Willis, members and trustees for the society of the people called "Quakers," of Yorktown aforesaid, a lot 57 feet 6 inches in width, with a depth of 137 feet, adjoining on the west lot then owned by Peter Mundorff, on the north by lot of Jacob Spangler, on the east by a 20-foot alley, and on the south by lot No. 175, the lot conveyed being part of lot No. 174, "to hold said lot of ground in trust to and for the only proper use and behoof of the aforesaid society and congregation, forever, for a burial-ground, their heirs and assigns and successors, forever."

The lots described in the above referred to deeds and will are all contiguous and constitute the property commonly known as "Quaker Meeting House Property," located on West Philadelphia Street, in the City of York.

After the first conveyance by Nathan Hussey, subscriptions were taken among the persons who were associated with the Quaker faith for the erection of a meeting-house, which erection was completed within a reasonable time thereafter and is the present meeting-house now standing on the property.

Under the testimony taken and at the argument heard in support of and against the petition, a number of questions have been raised. The petitioners allege that the respondents have no standing to protest this proceeding because they are not members of the Quaker Church which used this property for religious and burial purposes. The respondents raised the question that the

congregation which was the real beneficiary of the conveyance of the lots of ground heretofore referred to, and which used the property so conveyed for religious and burial purposes, was not connected with the organization of the Quaker Church, of which Baltimore Yearly Meeting of Friends, of Park Avenue, is a superior judicatory, and that, therefore, the prayer of the petitioner for the appointment of said Yearly Meeting of Friends as a trustee is not justified; that the congregation using the property in question and for whose benefit it was conveyed was an independent congregation, unaffiliated with any ecclesiastical organization which the Quaker Church may have effected in relation to other meetings in the same general locality as York.

The respondents also raise the question that the property in question, under its present use, is practically self-maintaining, and that they, with other persons interested in the continuance of this property, have chosen trustees who will serve in active management thereof. They further raise the question that the Baltimore Yearly Meeting of Friends, of Park Avenue, being a corporation chartered by the State of Maryland, is a foreign corporation, and, not being registered in the State of Pennsylvania, is not qualified to be appointed as trustee of this property, as an acceptance of said trust and the administration thereof would be doing business within the Commonwealth of Pennsylvania. They further contend that the act of assembly authorizing the appointment of a corporation not chartered by the State of Pennsylvania, which may be a superior judicatory of a congregation holding church property, and which by its conditions have become subject to the Act of Assembly of 1921, is unconstitutional, and that, therefore, this proceeding seeking to secure the appointment of a foreign corporation as said trustee would be invalid.

The questions above referred to, raised by the parties to this petition, will not be passed upon by this court, because we feel that the question to which we are about to refer, raised by both parties, is one which controls the disposition of this matter and makes unnecessary the discussion of any other feature of this proceeding. It will be noted that the original lot conveyed was conveyed by Nathan Hussey to the society called "Quakers, of Yorktown," for general church purposes; that this property so conveyed was used by the congregation to whom it was conveyed for the purposes of the erection of a meeting-house to be used for religious purposes and for a burial-ground. The latter appears clearly from the will of Nathan Hussey, dated less than eight years after the conveyance by him of the first lot of ground, wherein he devised to this congregation an adjoining lot for the purpose of enlarging their burying-ground. The conveyance of the third lot by the executrix of Priscilla Phillips is also for the purpose of enlarging the burying-ground. The use of the two lots conveyed last were restricted to burying purposes. We have, therefore, a piece of property which is unquestionably a church burying-ground, used for that purpose to practically its full extent, outside of that portion occupied by the walls of the meeting-house structure.

The Act of 1921 provides for the appointment of a trustee for the property of any individual church, board or agency of any religious organization which may become inactive or extinct by reason of there being no resident or active trustees representing it, or for any other reason, and provides for the appointment of a trustee for said church, board or agency for the purpose of taking, administering, holding and disposing of the title of the property of said church. Under this act, the trustees appointed have the right to take, to use, to administer, to hold and to dispose of the title of the property of the church. The powers vested in the trustees by this act of assembly, when appointed by

the court, include the power to dispose of the title of the property of a church, and the person so appointed by the court is a depository of the power and could exercise it.

From the evidence in this case, it clearly appears that the purpose of the instant proceedings was to have the trustee appointed by the court invested with such powers that he might dispose of the title of the Quaker meeting-house property, located on West Philadelphia Street, and out of the proceeds of said sale to remove the bodies of the persons buried in said property and to turn over the balance of the proceeds thereof to the Baltimore Yearly Meeting of Friends, of Park Avenue, on the theory that the latter was a legal representative of the organization with which the society of York, occupying and using this property, had been duly and legally affiliated.

The petition requests the appointment of the Baltimore Yearly Meeting of Friends, of Park Avenue, as trustee of the said Friends' meeting-house property, "in accordance with the provisions of the Act of Assembly approved May 17, 1921, P. L. 861," and, therefore, must be held to pray that the trustee appointed should have all the powers with which the Act of 1921 would invest a trustee appointed thereunder, including, of course, the power to dispose of the title to the property in question.

This question then presents itself: Does the court, under the Act of 1921, have authority to appoint a trustee empowered, among other things, to dispose of property dedicated and used for cemetery purposes? Do the respondents have a standing to raise this question?

Answering the latter question first, we would say that, irrespective of the question of their membership in the religious body owning and using the meeting-house for religious purposes, the fact that their ancestors lie buried in this property gives them a right to become parties to this proceeding. As such representatives of the deceased buried in these lots, they have an interest, because of which they have a legal right to question any proceeding which threatens the right of the deceased to continued sepulture therein: Gumbert's Appeal, 110 Pa. 496 (502).

The answer to the first question is made clear by the case of Mount Calvary Methodist Protestant Church Trustees, reported in 272 Pa. 453, viz., that the petition in this case must be dismissed and prayer thereof refused. There, an application was made to the Court of Common Pleas of the proper county that it appoint a trustee under the Act of May 17, 1921, P. L. 861, for the property of this Mount Calvary Methodist Protestant Church. In that case, as here, it was clearly shown that the dedication and use of the lots in question were for cemetery purposes. The Supreme Court in that case held that neither the original Act of 1913 nor the amendment of May 17, 1921, P. L. 861, makes provision for the appointment of trustees to hold and dispose of the title to cemetery property; hence, the court has thereunder no such right, whatever its power may be to appoint trustees for other church property. Except as provided by statute, land dedicated for and used as a burying-ground cannot be sold: Brown v. Lutheran Church, 23 Pa. 495; Gumbert's Appeal, 110 Pa. 496; Chew v. First Presbyterian Church, 237 Fed. Repr. 219. While it may be said that this expression of opinion on the part of the Supreme Court was not necessary for the disposition of that particular case, as the court below had found that the church in question was not inactive nor extinct (which finding the Supreme Court upheld), yet, on appeal, the question whether or not the Act of May 17, 1921, gave the authority to the court to appoint a trustee to sell property which had been used jointly for religious and burial purposes was presented and argued to the court, and the observation of the

court quoted above, no doubt, was in response to the question so presented to it.

The Act of 1921, neither in its title nor in any of its terms, refers at all to any property used for cemetery purposes, and in view of this failure and of the settled law of the State that cemetery property is not subject to sale, except as provided by statute, the Act of 1921 should certainly not be construed, by implication, to apply to such property.

After a careful consideration of this question, we are thoroughly convinced that disposition of the proceedings in this particular case is absolutely controlled by the authority above referred to.

And now, June 12, 1926, the petition asking for the appointment of a trustee in accordance with the Act of May 17, 1921, P. L. 861, for the appointment of a trustee of the Friends' meeting-house property on West Philadelphia Street, City of York, in accordance with the provisions of the Act of Assembly approved May 17, 1921, P. L. 861, is hereby dismissed, at the costs of the petitioners.

From Richard E. Cochran, York, Pa.