## Wayne v. International Shoe Company

Shettig & Nelson, for plaintiff; Clarence E. Davis, for defendant.

GREER, J., September 26, 1932.—These two cases were tried as one issue, R. Wayne being plaintiff in both and International Shoe Co. defendant in one case and Harcroft Clothes, Inc., in the other. Both have their inception in a sheriff's interpleader, and the issue in each was to determine the title to goods levied upon by the sheriff under executions by the defendants above named against Bernard Wayne, trading as Wayne Brothers.

The testimony shows that the execution defendant was indebted to three different wholesale dealers, one of whom, H. Slutzker & Co., obtained assignments from the other two, namely, Samuel Beerman and Jacob Berman & Co., the first dated January 19, 1931, and the second January 20, 1931; that on January 20, 1931, an amicable action in assumpsit in which H. Slutzker & Co. was plaintiff and Bernard Wayne, trading as Wayne Brothers, was defendant was entered into before George W. Cree, justice of the peace, of Blandburg, the parties having met personally at his office and judgment having been on that day confessed by the defendant in favor of the plaintiff in the sum of $780.16.

The same day execution issued and return was made thereon January 27, 1931, showing a levy on the stock and fixtures, etc., and also showing later a sale of the same to the execution plaintiff. The docket of the justice of the peace was received in evidence.

Philip Wayne, a brother of Bernard Wayne, defendant in the execution, had a preferential claim for rent in the sum of $480, for which amount he receipted on the docket of the justice and on the evening of the day of the sale said Philip Wayne paid to H. Slutzker & Co. the additional sum of $500, and this sum less expenses was distributed among the three creditors whose claims comprised the amount for which judgment was confessed.

· A bill of sale was then made by Philip Wayne to R. Wayne, wife of Bernard Wayne, and all the property purchased by Slutzker & Co. at the constable's sale was in this manner sold and delivered to the last-named purchaser on January 27, 1931. Thereafter R. Wayne conducted a store on the same premises, the name Wayne Brothers being changed on the building so that the new sign read "R. Wayne."

Following this, R. Wayne, with her husband as clerk, continued the business, and in the interval between her purchase and the execution by defendants new stock was added, purchased in the name of Philip Wayne, and payment thereof guaranteed by him.

On March 18, 1931, the sheriff levied on these goods under the execution of Harcroft Clothes, Inc., and on April 28, 1931, levied upon the same on execution

of the International Shoe Co. R. Wayne thereupon claimed the goods so levied upon, and a rule for interpleader taken out by the sheriff was made absolute. Proper pleadings followed, a bond was given, and the case came to trial on April 12, 1932.

After the submission of evidence, plaintiff, R. Wayne, filed a point for binding instructions which was reserved, and the case submitted to the jury, who returned a verdict in favor of the defendants. Thereafter plaintiff filed a motion for new trial and judgment n. o. v. It is upon the latter motion that this opinion is based.

Two questions arose for determination. The first is the right of a third party to attack collaterally a judgment entered in a court of competent jurisdiction, specifically the right of defendants to attack collaterally the judgment confessed before the justice of the peace. The Act of March 20, 1810, 5 Sm. L. 161, sec. 14, 2 Purd. Dig. 2093; 42 PS § 245, provides:

"Any justice of the peace shall take cognizance of any matter or thing made so by this act, for any sum exceeding one hundred dollars, if the parties voluntarily appear before him for that purpose, and shall proceed for the recovery thereof by entering judgment, if confessed, or if submitted to him, by reference; but no execution shall issue before the expiration of one year from the date of such judgment, if the party defendant be a freeholder, or shall have entered special bail, and such judgment shall be prosecuted to recovery, as other judgments by this act are made recoverable. But if it shall afterwards appear, by due proof on oath or affirmation, that there is just cause to believe that any such judgment was confessed for the purpose, and with a view to defraud just creditors, it shall be the duty of the justice to transmit a certified transcript of his proceedings to the prothonotary of the proper county, who shall file the same for adjudication of the Court of Common Pleas, whose judgment thereon shall be final; and if on trial of the merits of the cause, it shall be found that the sum for which judgment was confessed, was not actually due at the time, both parties, if both shall have been privy to the fraud, shall each pay a fine equal to the amount of such fraudulent judgment. And also pay the reasonable costs and expenses of the party prosecuting, or in any case of inability to pay such fine and costs, shall be imprisoned for any time not exceeding six months; but if it shall appear on such trial that the judgment was just, the party prosecuting shall pay all the costs of suit, and the reasonable costs of the parties to such judgment."

Section 13 of the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, provides:

"In all cases where a remedy is provided or duty enjoined, or any thing directed to be done by any act or acts of Assembly of this commonwealth, the directions of the said acts, shall be strictly pursued, and no penalty shall be inflicted or any thing done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect."

This act is to be regarded only as a rule of interpretation: McElhiney v. Com., 22 Pa. 365.

It now applies both to civil and criminal procedure: Borough of Beltzhoover v. Gollings, 101 Pa. 293.

And in ordinary civil suits a special remedy must be pursued as provided by this act: The Lewisburg Bridge Co. v. The County of Union and The County of Northumberland, 232 Pa. 255; Wagner v. Purity Water Co., 241 Pa. 328, 333.

Such remedy is exclusive and must be strictly pursued: Curran v. Delano, 235 Pa. 478.

Does the Act of 1806 govern the procedure and point out the remedy where it is desired to attack a judgment entered by a justice of the peace under the authority vested in him by the Act of March 20, 1810, on the allegation of its having been fraudulently confessed, and is such remedy exclusive, or may the judgment be attacked in a collateral proceeding also on the ground of fraud? Inasmuch as the Act of 1810 specifically provides the method to be pursued where it is desired to attack a judgment so confessed on the ground of fraud, and further provides the penalty attached to the commission of such fraud, we are of opinion that the remedy thus set forth under the said act is exclusive.

We have been unable to find any decision ruling this exact question and interpreting the Act of 1806 as applied to a sheriff's interpleader where the defense is fraud in obtaining the judgment and where the attack is a collateral one on the judgment so obtained. From analagous cases, however, interpreting the Act of 1806, we are led to the conclusion that the procedure in attempting to prove fraud must be under the provisions of the Act of 1810. In The Lewisburg Bridge Co. v. The County of Union and The County of Northumberland, 232 Pa. 255, it is held that objection to the jurisdiction relates to two classes: (1) The authority of the court over the subject matter; (2) the authority of the court over the person. An objection of the first class cannot be waived or jurisdiction obtained by acquiescence. The bridge company brought an action in trespass against two counties for damages for violation of its franchise, etc., and it was there held that the Act of May 6, 1897, P. L. 46, amended by the Act of May 13, 1901, P. L. 191, furnished a specific remedy which the plaintiff must pursue.

In Pittsburgh Annual Conference of the Methodist Protestant Church v. Cyphert et al., 268 Pa. 322, it was held that the question whether an individual church had become inactive or extinct must, under the Act of March 21, 1806, relating to exclusiveness of remedy, be first adjudicated by proceedings under the Act of June 5, 1913, P. L. 435.

An action in trespass against an executor charging dereliction cannot be sustained as the orphans' court has exclusive jurisdiction, and the Act of 1806 is applicable: Bunce v. Galbrath, 268 Pa. 389.

Equity has no jurisdiction to entertain a bill to quiet title because a complete remedy at law is afforded by a rule to bring ejectment by the Act of April 16, 1903, P. L. 212: Heller et ux. v. Fishman et al., 278 Pa. 328.

The common-law right of indefinite suspension of sentence in criminal cases was superseded by the Act of June 19, 1911, P. L. 1055, and the Act of 1806 applies: Com. ex rel. v. Morgan, 278 Pa. 395.

The recovery of damages for tortiously removing minerals must be had under the provisions of the Act of May 8, 1876, P. L. 142, the Act of 1806 having been held to apply therein, and proceedings based solely on the common law are improper: Valley Smokeless Coal Co. v. Hager, 292 Pa. 440.

Where no palpable fraud or mistake is shown on the face of the return or by proper averments, relief may be had under the Act of April 23, 1927, P. L. 360, by petition to open a ballot accompanied by a $50 deposit, but on such statement of facts relief cannot be had under the Act of May 19, 1923, P. L. 267: First Congressional District Election, 295 Pa. 1, citing the Act of 1806 as controlling the remedy.

Mandamus proceedings were instituted to compel the issuance of a permit under a zoning ordinance. It was held, quashing the writ, that the court was without jurisdiction and that the plaintiff was obliged to use the remedy given by the legislature by appealing from the bond to the court of common pleas and that the Act of 1806 made such remedy exclusive: Taylor v. Moore, 303 Pa. 469, 478.

Mr. Justice Kephart, who wrote the opinion of the court, gave further illustrations of the interpretation properly to be put upon the Act of 1806, among them The Public Service Company Law of July 26, 1913, P. L. 1374, and The Workmen's Compensation Act of June 2, 1915, P. L. 736.

A suit on a constable's bond in the name of the Commonwealth was brought conformably to the Act of April 3, 1851, P. L. 317, sec. 7, and this was held the proper remedy under the Act of 1806: Com. ex rel. v. Houk et al., 96 Pa. Superior Ct. 363, 370.

The rule is that where a statute imposes a duty the presumption is that the remedy provided for a breach of that duty is exclusive: Ruggles et al. v. Moore et al., 97 Pa. Superior Ct. 47, 53, and cases cited.

An action for debt will not lie on a judgment for damages obtained under the Act of April 6, 1802, P. L. 266 (3 Sm. L. 530), to enable purchasers at sheriffs' sales and coroners' sales to obtain possession. The act prescribes the remedy: Moyer v. Kirby, 14 S. & R. 162.

The general rule is that a judgment entered on a transcript from a justice of the peace will not be set aside or opened if regular on its face, but an attack on the validity of such a judgment must be made before the justice: Taylor v. Tudor & Free, 81 Pa. Superior Ct. 306; Kane v. Tilden, 68 Pitts. L. J. 825, 15 Del. Co. Rep. 407.

This would seem to be peculiarly apposite when the statute (Act of 1810) giving jurisdiction in a particular and exceptional case, by its very terms prescribes by what method the question of fraud shall be raised. The Interpleader Act of May 26, 1897, P. L. 95, sec. 1 (repealed by the Act of June 22, 1931, P. L. 883, sec. 22, but reënacted in the essentials of the former act with more detail as to procedure) has for its purpose to compact into one enactment the statutes and principal decisions relating to interpleader in execution, with the addition of the new proviso saving the sheriff from actions where he proceeds in accordance therewith: Necker v. Sedgwick, 36 Pa. Superior Ct. 593,

This act was passed for the protection of the sheriff only and binds the real owner of the goods only where he is party to the proceedings: Korrallas v. Griffiths, 65 Pitts. L. J. 423 (1917), affirmed 70 Pa. Superior Ct. 431.

It was not an act specifically to determine whether claimant had procured the goods or the title thereto by fraud, but includes generally the question of title derived from any source or in any manner. Section 10 provides that the issue shall consist of a concise statement of the source of the claimant's title and an affidavit by defendant that he verily believes the title of the plaintiff to be invalid. This has since been repealed as above noted and the statute now requires a more specific statement on the part of the claimant as plaintiff, and also requires an affidavit on the part of defendant averring the grounds on which he questions claimant's title, analogous to the Practice Act of 1915 as to subsequent steps.

By comparison, then, with the other decisions governing the scope of the Act of 1806 as to the exclusiveness of remedy, and having in mind the purpose of the Act of 1897, relating to interpleaders, we conclude that the validity of the judgment before the justice under the Act of 1810 cannot be thus collaterally attacked.

The question whether or not under all the evidence the verdict must be for the plaintiff we answer in the affirmative also, for the reason that there is no evidence either of fraud or of any other matter affecting the title of plaintiff that would sustain a verdict against her. Obtaining the judgment before the justice of the peace by the three creditors of Bernard Wayne was a proceeding which could have been set aside by proceedings in the Federal court under the Bankruptcy Act. Obtaining the judgment, however, in the manner shown was

of itself otherwise proper and lawful and the method of so ·doing is set forth at length in the Act of 1810, supra, which was substantially followed by the parties to such amicable judgment. Kitchen v. McCloskey, 150 Pa. 376, is a case so nearly identical with the facts of the case in suit that we are irresistibly led to this conclusion. The exceptions to the charge are likewise overruled.

And now, September 26, 1932, judgment n. o. v. is directed to be entered in favor of the plaintiff and against the defendants.

From Henry W. Storey, Jr., Johnstown, Pa