## Commonwealth v. Phillips et al.

*J. Harold Flannery* and *John Hessel*, for Commonwealth.
*M. F. McDonald*, for defendant.

COUGHLIN, J., October 2, 1933.—The indictment sets forth that defendants are commissioners of the Township of Hanover, Luzerne County, Pa., duly qualified and acting as such, and that on January 4, 1932, and at divers other times since that date and prior to the finding of this indictment, and within the jurisdiction of this court, did then and there willfully, wrongfully, maliciously, and unlawfully misbehave themselves in office, in that they did a certain dishonest, malicious, and unlawful act, to wit, that on the day and year aforesaid, by resolution, they directed the employment of certain persons, a more particular description whereof is to the grand jurors unknown, at the sewerage disposal plant in Hanover Township, then and there well knowing said employes to be unnecessary, to the prejudice of the said Hanover Township, contrary to the laws of the Commonwealth of Pennsylvania in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania.

This is the first count in the indictment. Other counts follow, based on payments approved and directed to be made to said employes. One of the defendants, Stanley Pomictor, moves to quash the indictment, submitting that the same does not charge an indictable offense. If the first count fails, the remaining counts fall with it: Commonwealth v. Williams et al., 102 Pa. Superior Ct. 216. Our attention is directed, therefore, to the count quoted above.

The First Class Township Law of June 24, 1931, P. L. 1206, in section 604, provides:

"Failure of Officers to Perform Duties.—If any township officer refuses or neglects to perform his duties, the court of quarter sessions, upon complaint in writing by one hundred citizens, owners of real estate residing in the township, may issue a rule upon such officer to show cause why his office should not be

declared vacant and another appointed in his stead. Such rule shall be made returnable not less than two weeks from its date of issue. Upon hearing and proof that the facts alleged in the complaint are true, the court may declare the office vacant and appoint another in his stead, to hold office until the next municipal election, at which time a person shall be elected for the unexpired term."

It is the contention of the defendant that the statute, which places a duty upon the commissioners, prescribes a penalty in the event of a breach thereof, and that this penalty is not imposable by indictment, and the act not indictable. In McElhiney v. Commonwealth, 22 Pa. 365, there was before the court a question as to the liability of school directors to be indicted for not keeping the schools in operation during so large a portion of the year as was required by the law. For such neglect or refusal, provision was made in the statute then existing: Act of April 7, 1849, P. L. 441, sec. 8; and the remedy there provided was removal by the court and the appointment of others on complaint in writing of six taxable citizens of the district and upon due proof.

Section 8 of the Act of 1849 provides:

"If all the members of any board of directors shall refuse or neglect to perform their duties, by levying the tax required by law, and to put or keep the schools in operation so far as the means of the district will admit, the court of quarter sessions of the proper county shall, upon complaint in writing, by any six taxable citizens of the district, and on due proof thereof, declare their seats vacant, and appoint others in their stead. . . ."

It was insisted that under the Act of March 21, 1806, 4 Sm. L. 326, sec. 13, this was the only remedy. Section 183 of the Criminal Code of March 31, 1860, P. L. 382, reënacted this section. It provides:

"In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued; and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act or acts into effect."

This law was intended to enforce a valuable principle, and it does so if it prevents all unnecessary creation of offenses by construction, and all undue power of the courts over the actions of individuals. It gives statutory sanction to the common-law rule, everywhere recognized, that, where a penalty is imposed by statute for an offense, there for the first time defined, that penalty is the only one intended for that offense. Where a legislature is imposing specific duties and providing means of enforcing them, the presumption must be that it regards the means provided as the most proper and adequate and intends them to be pursued. By its very nature, this rule does not exclude the common-law remedy as to acts or omissions not specifically provided for, because the legislative mind has not been directed to them and has expressed no intention in regard to them. And thus it may very well happen that for some misdemeanors an officer may be indicted at common law, while others receive special attention of the legislature and are corrected by special remedy: McElhiney v. Commonwealth, supra (p. 368). It was held in this case (cited by the defendant) that "on these principles the offence here charged is not indictable, and can be corrected only by removal from office in the way pointed out in the school law."

It is to be noted that the Act of 1849, supra, provided a penalty for the specific offence of failure to keep the schools in operation during a given period, but the court stated in McElhiney v. Commonwealth, supra, "By its very nature this

rule does not exclude the common law remedy as to acts or omissions not specifically provided for, because the legislative mind has not been directed to them and has expressed no intention in regard to them."

The First Class Township Law provides:

"If any township officer refuses or neglects to perform his duties . . . the court may declare the office vacant."

The Constitution of Pennsylvania likewise provides in article VI, sec. 4:

"All officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime."

And under this provision, upon conviction of misbehavior, removal follows.

Even though the statute does provide generally for removal for neglect or refusal to perform duties, the common-law remedy as to particular acts or omissions amounting to misbehavior is not thereby excluded or officers relieved of prosecution under the common law, unless the acts or omissions or offences are specifically provided for under the statute. It is true that where a statute covers the subject matter theretofore dealt with under the common law, the statutory method must be followed: Commonwealth ex rel. v. Morgan, 278 Pa. 395; but we do not think The First Class Township Law covers and thereby supersedes all punishable offenses by township officers as such, The First Class Township Law not dealing with specific offenses but refusal or neglect generally. So, in Commonwealth v. Capp, 48 Pa. 53, it was held that the remedy against an engineer or agent of a railroad company for obstructing the crossings of a public street or road with its locomotive and cars is exclusively under the Act of March 20, 1845, P. L. 191, and that a defendant was not liable to indictment at common law. In this case the act clearly defined the blocking of a crossing by a locomotive as a nuisance, rendering the engineer or other agent of the railroad liable to a penalty. The nuisance complained of consisted in the commission of the very acts for which a penalty was provided by the Act of 1845, and the court therefore held that this superseded the common law and sustained a demurrer on the ground that the remedy provided by the Act of 1845 was not cumulative but exclusive.

Also in Commonwealth v. Evans, 13 S. & R. 426, where a justice of the peace was indicted for extortion, it was held that an indictment did not lie against a magistrate for taking illegal fees since the Act of March 28, 1814, 6 Sm. L. 228, sec. 26, provided that if any officer should charge or demand any fee for any service or services, other than expressly provided for by this act, such officer shall forfeit and pay to the party injured $50. The court held this to be a penal statute and that the Act of March 21, 1806, 4 Sm. L. 326, sec. 13, now a part of the penal code, evidenced the intention of the legislature to abolish cumulative penalties, double inflictions for the same offense, one under the common law and the other by statute.

We cite the aforesaid cases for the purpose of showing the distinction between them and the case at bar. The case at bar charges willful, wrongful, malicious, and unlawful misbehavior, which is a different offence from neglect or refusal provided for in The First Class Township Law. In Commonwealth v. Rosser et al., 102 Pa. Superior Ct. 78, 88, the court, in referring to the Act of April 15, 1834, P. L, 537, sec. 24, providing for a fine only, said: "This statute provides for the *neglect* or *refusal* . . . to perform any duty required of them by law. This indictment [referring to the indictment in that case] was drawn under and the defendants are subject to the penalty imposed by the common law and charges a *willful misconduct* which is a different offense from that provided for in the 1834 statute". We are of the opinion, therefore, that this indictment

should not fall by reason of the provisions of The First Class Township Law, providing for removal upon neglect or refusal to perform a duty. The question then arises, do the acts charged as willful, wrongful, malicious, and unlawful misbehavior amount to an offence at common law. We are not here concerned with the guilt or innocence of the defendants, but with the sufficiency of the acts charged in the indictment.

The rule is that every indictment for a common-law offense shall be deemed and adjudged sufficient and good in law, if it charges the crime so plainly that the nature of the offense charged may be easily understood by the jury: Act of March 31, 1860, P. L. 427, sec. 11. Criminal pleading is no longer the technical thing it once was, and courts look more to substantial justice than to artificial nicety: Commonwealth v. Norris, 87 Pa. Superior Ct. 61, 64.

In Commonwealth v. Miller, 94 Pa. Superior Ct. 499, 507, where the court was considering malfeasance in office under the common law, upon the part of a police officer who charged but a trivial offence, withdrawing a more serious information, the court said (p. 508) : "This amounted to no less than favoritism in the enforcement of the criminal law by one whose duty it was to enforce it impartially. Such an act strikes at the very foundations of our institutions." The court further said (p. 507) : " 'All such crimes as especially affect public society are indictable at common law. The test is not whether precedents can be found in books, but whether they injuriously affect the public police and economy'; Commonwealth v. McHale, 97 Pa. 407, 410. The common law is sufficiently broad to punish as a misdemeanor, although there may be no exact precedent, any act which directly injures or tends to injure the public to such an extent as to require the state to interfere and punish the wrongdoer, as in the case of acts which injuriously affect public morality, or obstruct, or pervert public justice, or the administration of government: 16 Corpus Juris, Sec. 23, page 65".

Under the law, the township commissioners have a right to employ individuals to perform municipal work. The number of employes and the necessity rests with their discretion. The judgment of a jury is not to be substituted for the judgment of an elective officer, and public officers are not to be criminally responsible for error of judgment. On the other hand, the clothing of township commissioners with the right to employ does not give them the right to willfully, wrongfully, maliciously, and unlawfully employ persons, well knowing said persons to be unnecessary and to the prejudice of the township. We recognize that error in the exercise of judgment may not involve a criminal offense, but we are not here dealing with facts proven but facts alleged. We can well see where it would be misbehavior in office for officers to pad a payroll with the names of persons who perform no service, resulting in the depletion of the township treasury to its great prejudice. Such malfeasance in office, if it existed, is punishable at common law.

The indictment does not state how great a number of persons were thus willfully, wrongfully, maliciously, and unlawfully employed, the commissioners well knowing said employes to be unnecessary, but defendants have a right to a bill of particulars. Passing on a motion to quash an indictment involves the exercise of judicial discretion within recognized limits, and the averments in the indictment are taken to be true as on demurrer. The indictment advises defendants of the charge against them. If defendants have any doubt about what they have to meet by a charge in an indictment, they may ask for a bill of particulars: Commonwealth v. Cook, 98 Pa. Superior Ct. 117, and cases there cited.

It may be true that defendants have not, at the very worst, done more than err in judgment, or been liberal in exercising their discretion. But that is a matter of defense. The facts are not before us, but merely the indictment charging willful and unlawful misbehavior to the prejudice of the township.

We dismiss the motion to quash the indictment, and the rule granted upon said motion is dissolved.      From Frank P. Slattery, Wilkes-Barre, Penna.